EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
ANTHONY DA SILVA.
Deputy Attorney General
LISE S. JACOBSON, State Bar No. 183862
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2293
Fax: (619) 645-2271
Email: Lise.Jacobson@doj.ca.gov

Attorneys for Respondents

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **CHARLES EDWARD BECKNER,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**MATTHEW M. MARTEL, Warden, et al.,**<br><br>**Respondents.** | **08-cv-00482 BEN (JMA)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |

# TABLE OF CONTENTS

| | Page |
|---|---|
| INTRODUCTION | 1 |
| PROCEDURAL BACKGROUND | 2 |
| ARGUMENT | 3 |
| **THE PETITION SHOULD BE DENIED BECAUSE BECKNER'S SPEEDY TRIAL AND DUE PROCESS CLAIMS ARE FORECLOSED BY HIS GUILTY PLEA, WERE REASONABLY REJECTED BY THE STATE COURTS, AND, IN PART, DO NOT PRESENT A FEDERAL QUESTION** | 3 |
| A. Beckner's Guilty Plea Bars His Pre-Trial Delay Claim | 3 |
| B. The State Courts' Reasonably Rejected Beckner's Federal Claims | 3 |
| C. Beckner's Allegations Of State Constitutional Violations Do Not Present A Federal Question | 5 |
| D. The California Courts Reasonably Rejected Beckner's Procedural Due Process Claim | 5 |
| CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Cases** **Page**

*Beiser v. Smith*
4 F. Supp. 2d 841 (E.D. Wis. 1998) 3

*Bonin v. Calderon*
59 F.3d 815 (9th Cir. 1995) 5

*Brecht v. Abrahamson*
507 U.S. 619
113 S. Ct. 1710
123 L. Ed. 2d 353 (1993) 6

*Carey v. Musladin*
549 U.S. 70
127 S. Ct. 649
166 L. Ed. 2d 482 (2006) 5

*County of Riverside v. McLaughlin*
500 U.S. 44
111 S. Ct. 1661
114 L. Ed. 2d 49 (1991) 4

*Fry v. Pliler*
127 S. Ct. 2321
168 L. Ed. 2d 16 (2007) 6

*Hewitt v. Helms*
459 U.S. 460
103 S. Ct. 864
74 L. Ed. 2d 675 (1983) 5

*In re Dixon*
41 Cal. 2d 756
264 P.2d 513 (1953) 2

*People v. Hughes*
27 Cal. 4th 287
39 P.3d 432
116 Cal. Rptr. 2d 401 (2002) 6

*Powell v. Nevada*
511 U.S. 79
114 S. Ct. 1280
128 L. Ed. 2d 1 (1994) 5

*Pulley v. Harris*
465 U.S. 37
104 S. Ct. 871
79 L. Ed. 2d 29 (1984) 5

**TABLE OF AUTHORITIES (continued)**

| | Page |
|---|---|
| *Stone v. Powell* 428 U.S. 465 96 S. Ct. 3037 49 L. Ed. 2d 1067 (1976) | 5 |
| *Tollett v. Henderson* 411 U.S. 258 93 S. Ct. 1602 36 L. Ed. 2d 235 (1973) | 3 |
| *United States v. Butz* 982 F.2d 1379 (9th Cir. 1993) | 4 |
| *United States v. Fullerton* 187 F.3d 587 (6th Cir. 1999) | 5 |
| *United States v. Huntley* 976 F.2d 1287 (9th Cir. 1992) | 4 |
| *United States v. Jacobo Castillo* 496 F.3d 947 (9th Cir. 2007) | 3 |
| *United States v. Lovasco* 431 U.S. 783 97 S. Ct. 2044 52 L. Ed. 2d 752 (1997) | 4 |
| *United States v. Marion* 404 U.S. 307 92 S. Ct. 455 30 L. Ed. 2d 468 (1971) | 3 |
| *United States v. Moran* 759 F.2d 777 (9th Cir. 1985) | 4 |
| **Constitutional Provisions** | |
| California Constitution art. I, §§ 7, 14 | 5 |
| United States Constitution Fourth Amendment | 4, 5 |
| Sixth Amendment | 3 |
| **Statutes** | |
| 28 U.S.C. § 554(d)(1) | 4 |
| Cal. Penal Code § 825 | 5, 6 |

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
ANTHONY DA SILVA.
Deputy Attorney General
LISE S. JACOBSON, State Bar No. 183862
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2293
Fax: (619) 645-2271
Email: Lise.Jacobson@doj.ca.gov

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **CHARLES EDWARD BECKNER,**<br>**Petitioner,**<br>**v.**<br>**MATTHEW M. MARTEL, Warden, et al.,**<br>**Respondents.** | **08-cv-00482 BEN (JMA)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Charles Beckner pled guilty to burglary, check forgery and resisting arrest. In the present Petition for Writ of Habeas Corpus (Petition), Beckner asserts the sixty-five hour interval between his arrest and arraignment violated his right to a speedy trial under the federal constitution, his right to a speedy trial and due process under the California Constitution, and procedural due process. Beckner's claims are foreclosed by his guilty plea. Alternatively, his federal claims were reasonably rejected by the state courts, his state-law claims do not present a federal question, and he

has failed to establish any prejudice from the alleged improper delay. Consequently, the Petition should be denied and dismissed with prejudice.

**PROCEDURAL BACKGROUND**

On January 8, 2007, the police arrested Beckner for attempting to cash a stolen check. (Lodgment 9 at 2.) At that time, Beckner was the subject of a no-bail arrest warrant issued on December 5, 2006, in an unrelated case. (Lodgment 9 at 1.) On January 11, 2007, a complaint was filed relating to the January 8 arrest, charging Beckner with burglary, check forgery, and resisting arrest. On January 25, 2007, after his preliminary examination, Beckner was held to answer on all three charges. (Lodgment 9 at 2.)

On September 10, 2007, Beckner pled guilty to the three charges and admitted that he had sustained two prior prison term convictions and a prior strike conviction. (Lodgments 1 and 2.) On October 15, 2007, the trial court sentenced Beckner to prison for two years and eight months. (Lodgment 3 and 4.)

Before Beckner pled guilty, he filed numerous habeas petitions in the state courts. (Lodgments 5-17.) Beckner raised the sole claim in the present Petition, i.e., the sixty-five-hour interval between his arrest and arraignment violated his right to a speedy trial and to procedural due process, in some of these petitions. (*See* Lodgments 8, 14, 16.) The San Diego County Superior Court denied the claim on the merits. (Lodgment 9 at 3.) The California Court of Appeal summarily denied relief without prejudice to Beckner raising the issue on appeal. (Lodgment 15.) And the California Supreme Court denied relief with a citation to *In re Dixon*, 41 Cal. 2d 756, 264 P.2d 513 (1953). (Lodgment 17.) Beckner also filed habeas petitions in the San Diego County Superior Court after he entered his guilty plea, challenging the award of prison conduct credits and the restitution fine. (Lodgments 20-22.)

On March 14, 2008, Beckner filed the present Petition. On March 27, 2008, this Court issued an Order requiring a response.

## ARGUMENT

### THE PETITION SHOULD BE DENIED BECAUSE BECKNER'S SPEEDY TRIAL AND DUE PROCESS CLAIMS ARE FORECLOSED BY HIS GUILTY PLEA, WERE REASONABLY REJECTED BY THE STATE COURTS, AND, IN PART, DO NOT PRESENT A FEDERAL QUESTION

Beckner claims the sixty-five-hour delay between his arrest and arraignment violated his Sixth Amendment right to a speedy trial, the California Constitution and procedural due process. (Pet. at 6.) Beckner's claims are foreclosed by his guilty plea. His Sixth Amendment claim is also meritless. His assertion that the delay violated his rights under the state constitution is not cognizable on federal habeas. To the extent that California's statutory requirement of arraignment in forty-eight hours creates a liberty interest, there was no violation of state law here and, hence, no possible due process violation. Finally, Beckner is not entitled to habeas relief because he suffered no prejudice as a result of the alleged constitutional violations.

### A. Beckner's Guilty Plea Bars His Pre-Trial Delay Claim

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged he may not thereafter raise independent claims relating to the deprivation of Constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). Because the alleged improper delay between arrest and arraignment occurred before Beckner pled guilty, his claim of error is not cognizable on federal habeas. *United States v. Jacobo Castillo*, 496 F.3d 947, 960 (9th Cir. 2007) (claim pre-indictment delay violated due process is foreclosed under *Tollett* by guilty plea); *Beiser v. Smith,* 4 F. Supp. 2d 841, 843 (E.D. Wis. 1998) (claim of failure to arraign within 48 hours foreclosed under *Tollett* by guilty plea). Even if Beckner's claims are not barred by *Tollett*, they should be rejected for the reasons that follow.

### B. The State Courts' Reasonably Rejected Beckner's Federal Claims

The Sixth Amendment Speedy Trial Clause does not apply until a defendant has been accused by indictment or other criminal charge. *United States v. Marion*, 404 U.S. 307, 313, 92 S. Ct. 455, 459, 30 L. Ed. 2d 468 (1971). Pre-indictment delay is instead covered by the Due Process

Clause. *United States v. Lovasco*, 431 U.S. 783, 788-89, 97 S. Ct. 2044, 2047-48, 52 L. Ed. 2d 752 (1997). Because federal habeas relief is only available when a "state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States," 28 U.S.C. § 554(d)(1), the state courts' rejection of Beckner's speedy trial claim does not provide a basis for habeas relief as he is only complaining of pre-charging delay.

Even if this Court were to construe Beckner's speedy trial claim as a federal due process claim, it still fails. The Ninth Circuit employs a two prong test to determine if pre-charging delay violates due process. *United States v. Moran*, 759 F.2d 777, 780-81 (9th Cir. 1985). First, a claimant must show actual, non-speculative prejudice to the defense. Second, if actual prejudice is shown, the length of delay must be balanced with the reasons for it. *United States v. Huntley*, 976 F.2d 1287, 1291 (9th Cir. 1992). The actual prejudice test is applied stringently; proof or prejudice must be definite, not speculative. *United States v. Butz*, 982 F.2d 1379, 1380 (9th Cir. 1993). Beckner's claim fails under this standard as he has not alleged in this Petition, let alone demonstrated, actual prejudice from the delay in arraignment.

The United States Supreme Court has held that a person detained by a warrantless arrest must receive a judicial determination of probable cause within forty-eight hours or the State must demonstrate "the existence of a bona fide emergency or other extraordinary circumstance" for failing to secure a determination for the detained. *County of Riverside v. McLaughlin,* 500 U.S. 44, 56-57, 111 S. Ct. 1661, 1670, 114 L. Ed. 2d 49 (1991). But *McLaughlin* does not assist Beckner for three reasons.

First, when Beckner was arrested in this case, there was an outstanding "no bail" warrant for his arrest in another case. (Lodgment 9 at 3.) Thus, as the San Diego County Superior Court observed, Beckner "could not have been released from custody, as he was subject to the no bail arrest warrant." (Lodgment 9 at 3.)

Second, *McLaughlin* arose under the Fourth Amendment. Beckner had a full and fair opportunity to raise his delayed arraignment claim in state court and, in fact, did so. (Lodgments 8, 14, 16.) Thus, to the extent Beckner is asserting the alleged improper delay violated the Fourth

Amendment, his claim is not cognizable on habeas corpus. *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).

Third and finally, the Supreme Court has yet to delineate "the appropriate remedy for a *McLaughlin* violation." *United States v. Fullerton,* 187 F.3d 587, 591 (6th Cir. 1999); *see Powell v. Nevada*, 511 U.S. 79, 85, 114 S. Ct. 1280, 128 L. Ed. 2d 1 (1994) (declining to address remedy). Thus, the state courts' denials of Beckner's habeas petitions cannot provide a basis for habeas relief. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 654, 166 L. Ed. 2d 482 (2006) ("Given the lack of holdings from this Court regarding the potentially prejudicial effect of spectators' courtroom conduct of the kind involved here, it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.' § 2254(d)(1).").

**C. Beckner's Allegations Of State Constitutional Violations Do Not Present A Federal Question**

Beckner also contends the delay in arraignment violated the due process and speedy trial clauses of the California Constitution. Pet. at 6 (citing Cal. Const. Art. I, §§ 7, 14). A federal court may not grant habeas relief on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 79 L. Ed. 2d 29 (1984). Accordingly, these alleged violations of the state constitution do not provide a basis for habeas relief.

**D. The California Courts Reasonably Rejected Beckner's Procedural Due Process Claim**

Beckner's final argument is that the delay in arraignment violated his right to procedural due process. To the extent that Beckner is arguing that his right to due process was violated by the state's alleged failure to adhere to the state-law requirement of arraignment within forty-eight hours of arrest, his claim fails. (*See* Lodgment 14 at 3 [habeas petition filed in Cal. Sup. Ct. alleging due process violation and discussing Cal. Penal Code § 825].)

"The denial of state-created procedural rights is not cognizable on habeas corpus review unless there is a deprivation of a substantive right protected by the Constitution." *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995); *see also Hewitt v. Helms*, 459 U.S. 460, 466, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983) (if a state law creates a "liberty interest," the violation of that law may also

violate the federal constitution). This Court need not decide whether California Penal Code section 825 creates a liberty interest, because this section does not apply when, as here, a defendant is also the subject of a no-bail arrest warrant in another, unrelated case. *Cf. People v. Hughes*, 27 Cal. 4th 287, 326, 39 P.3d 432, 457, 116 Cal. Rptr. 2d 401, 430 (2002) ("the arraignment requirement of Penal Code section 825 has been interpreted as not applying when [as here] a parole hold on other matters has been placed upon the defendant"), alteration in original.) Because there was no state law violation, any due process, liberty interest claim fails.

Moreover, as the Superior Court observed, Breckner failed to show that he suffered any prejudice as a result of the delay in arraignment. (Lodgment 7 at 4.) Because the alleged improper delay did not have a "'substantial and injurious effect or influence" in Breckner's case, he is not entitled to habeas relief for this reason as well. *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *see Fry v. Pliler*, 127 S. Ct. 2321, 2328, 168 L. Ed. 2d 16 (2007) (*Brecht* applies regardless of whether state court found error and evaluated it under federal harmless error standard).

///

///

///

## CONCLUSION

Beckner's Petition should be denied because his arraignment-delay related claims are foreclosed by his guilty plea. Alternatively, the Petition should be denied because the claims were either properly denied by the state courts or do not present a federal question.

Dated: May 12, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

ANTHONY DA SILVA
Deputy Attorney General


/s/ LISE S. JACOBSON

LISE S. JACOBSON
Deputy Attorney General

Attorneys for Respondents

SD2008700257
70123392.wpd

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name: **Charles Edward Beckner v. Matthew M. Martel, Warden**
Case No.: **08-0482 BEN (JMA)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On May 13, 2008, I served the attached **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Charles E. Beckner
CDC No. F-91260
P. O. Box 3535
Norco, CA 92860
*Petitioner in Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 13, 2008, at San Diego, California.

| C. Pasquali | C. Pasquali |
|---|---|
| Declarant | Signature |

70123533.wpd