CHARLES BECKNER
F91260     212-43U
P.O. BOX 3535
NORCO, CALIFORNIA
        92860



PRO PER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BECKNER, ) | CASE NO.:CV08-0482BEN(JMA) |
| PETITIONER, ) | REQUEST FOR AUGMENTATION OF THE RECORD AND FOR PERMISSION |
| MATTHEW CATE, SECRETARY, ) *MARTEL* | TO FILE WITH HABEAS CORPUS |
| RESPONDENT. ) | |

PETITIONER, CHARLES BECKNER, HEREBY REQUEST THE COURT TO ORDER THE RECORD AUGMENTED AND ALLOW THE AUGMENTED RECORD FILED WITH THE HABEAS CORPUS.

IN SUPPORT OF THIS MOTION, PETITIONER DECLARES AS FOLLOW:

I, CHARLES BECKNER, AM THE PETITIONER OF THIS CASE.

ACCOMPANYING THE HABEAS CORPUS OF THIS CASE, PETITIONER, CHARLES BECKNER, NOW FILES A REQUEST FOR AUGMENTATION OF THE RECORD TO PROVIDE TRANSCRIBED COPIES OF TRANSCRIPTS, OF ANY NOTES MADE BY STENOGRAPHER AND COPIES OF ANY REPORTS OF

PAGE ONE

1  THE STENOGRAPHER FOR THE SEPTEMBER 10, 2007 HEARING HELD IN THE
2  SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN
3  DIEGO.(SCE267833)
4      IF ANY ITEM OF THE NORMAL RECORD IS MISSING FROM THE
5  RECORD WITHOUT A SHOWING OF CAUSE.ON INTIAL REVIEW BY PETITIONER,
6  IT MAY BE ADDED TO THE RECORD WITHOUT A SHOWING OF CAUSE. IN THIS
7  CASE THE PETITIONER HAS ATTEMPTED THREE TIMES TO HAVE THE TRIAL
8  COURT SEND THE RECORD.
9      ACCOMPANYING HIS RECORD, THE PETITIONER NOW FILES A
10 REQUEST FOR AUGMENTATION OF THE RECORD TO PROVIDE THE REPORTER'S
11 NOTES, SHORTHAND NOTES AND TRANSCRIBED COPIES OF ANY NOTES
12 MADE BY THE COURT REPORTER AND CLERK OF THE FOLLOWING:
13 PETITIONER MARSDEN HEARING          SEPTEMBER 10, 2007
14 AND ALL HEARING.                    CASE NO.:SCE267833
15
16     THE PETITIONER NOTES, IT HAS LONG ESTABLISHED THAT THE
17 "DELIBRATE DECEPTION OF A COURT PRESENTATION OF KNOWN FALSE
18 EVIDENCE IS INCOMPATIBLE WITH RUDIMENTARY DEMANDS OF JUSTICE.
19 (SEE GIGLIO V. UNITED STATES, 92 S. CT. 763) THE COURT CAN NOT
20 PROVIDE A FAIR REVIEW WITHOUT THE TRANSCRIPTS OF THE HEARING.
21 THE REQUESTED TRANSCRIPTS IS, THEREFORE NECESSARY TO ASSES THE
22 VIABILITY OF THE ISSUES AND TO PRESENT IT IF DEEMED APPROPRIATE.
23 PURSUANT TO RULE (80) WHENEVER THE TESTIMONY OF A WITNESS AT A
24 TRIAL OR HEARING WHICH WAS STENOGRAPHICALLY REPORTED IS
25 ADMISSIBLE IN EVIDENCE AT A LATER HEARING, IT MAY BE PROVIDED
26 BY THE TRANSCRIPTS THEREOF DULY CERTIFIED BY THE PERSON WHO
27 REPORTED THE TESTIMONY.
28              PAGE TWO

1    FOR THE ABOVE REASONS, THE PETITIONER RESPECTFULLY
2 REQUEST THE COURT TO ORDER THE REQUESTED RECORD AND TO FOLLOW
3 WITH A COURT ORDER.
4    THE ABOVE STATEMENTS ARE TRUE AND CORRECT BASED ON MY
5 KNOWLEDGE. EXECUTED THIS 14TH DAY OF MAY, 2008 AT NOCO, CALIFORNIA.

BY: /s/ Charles Beckner
CHARLES BECKNER
PETITIONER

PAGE THREE

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO, CALIFORNIA 250 EAST MAIN ST. EL CAJON, 92020 | BY MAIL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
               DATE                SIGNATURE OF SERVER

                                   _____
                                   ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

5/14/08