1  CHARLES E. BECKNER
   F91260
2  P.O. BOX 3535
   NORCO, CALIFORNIA
3          92860

4  PRO PER

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10      FOR  THE SOUTHERN DISTRICT OF CALIFORNIA

11              WESTERN DIVISION

12  CHARLES EDWARD BECKNER,        )     CASE NO.:CV08-00482BEN(JMA)
                                   )
13          PETITIONER,            )
                                   )
14  VS.                            )
                                   )
15  MATTHEW M. MARTEL, WARDEN,     )
                                   )
16          RESPONDENTS.           )
                                   )
17                                 )
                                   )
18  ───────────────────────────────)

19

20

21      **REPLY TO OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

WESTERN DIVISION

IN RE

CHARLES EDWARD BECKNER,    )        CASE NO.:CV08-00482BEN(JMA)
                           )
        PETITIONER,        )
                           )
VS.                        )
                           )
MATTHEW M. MARTEL,  WARDEN, )
                           )
        RESPONDENTS.       )
                           )
_____ )

**REPLY TO OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**

**ARGUMENT ONE**

**THE RESPONDENTS HAS NOT DENIED THE
PETITIONER SPEEDY TRIAL RIGHTS AND
DUE PROCESS RIGHTS WERE VIOLATED**

IN A HABEAS CORPUS PROCEEDING IN WHICH THE PETITIONER CLAIMS HIS SPEEDY TRIAL RIGHTS, EQUAL PROTECTION CLAUSE AND HIS PROCEDURAL DUE PROCESS RIGHTS WERE DENIED, DUE TO THE VIOLATION OF TIME RESTRAINTS, THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE TIME LINES FOR SUCH HEARING AGREED TO BY THE STATE OF CALIFORNIA. (SEE INRE MARQUEZ, 153 CAL. APP. 4TH)

PAGE ONE

1   THE PETITIONER, CHARLES E. EDWARD, PURSUANT TO RULE OF

2   EVIDENCE 201, REQUEST THE COURT TO TAKE JUDICIAL NOTICE OF THE

3   STATE OF CALIFORNIA PENAL CODE 825 AND THE UNITED STATES  14TH

4   AMENDMENT OF THE UNITED STATES CONSTITUTION EQUAL PROTECTION

5   CLAUSE.

6   A JUDICIALLY NOTICED FACT MUST BE ONE SUBJECT TO

7   REASONABLE DISPUTE IN THAT IT IS EITHER(1) GENERALLY KNOWN WITHIN

8   THE TERRITORIAL JURISDICTION OF THE TRIAL COURT OR (2) CAPABLE

9   OF ACCURATE AND READY DETERMINATION BY RESORT TO SOURCES WHOSE

10  ACCURACY CANNOT REASONABLY BE QUESTIONED. JUDICIAL NOTICE MAY BE

11  TAKEN AT ANY STAGE OF THE PROCEEDING.

12

13

14          STATE OF CALIFORNIA PENAL CODE 825

15          STATES AS FOLLOW:

16          (A)(1) THE DEFENDANT SHALL IN ALL CASES

17          BE TAKEN BEFORE THE MAGISTRATE WITHOUT

18          UNNECESSARY DELAY, AND IN ANY EVENT

19          WITHIN 48 HOURS AFTER HIS OR HER ARREST

20          EXCLUDING SUNDAYS AND HOLIDAYS.

21

22          UNITED STATES CONSTITUTION 14TH AMENDMENT

23          READS AS FOLLOW:

24          NO STATE SHALL MAKE OR ENFORCE ANY LAW

25          WHICH SHALL ABRIDGE THE PRIVILEGES OR THE

26          IMMUNITIES OF CITIZENS OF THE UNITED STATES;

27

28          PAGE TWO

1      NOR SHALL ANY STATE DEPRIVE ANY PERSON

2      OF LIFE LIBERTY OR PROPERTY, WITHOUT

3      DUE PROCESS OF LAW; NOR DENY TO ANY PERSON

4      WITHIN ITS JURISDICTION THE EQUAL PROTECTION

5      OF THE LAWS.

6

7

8      IT MUST ALSO BE NOTED PURSUANT TO RULES OF EVIDENCE 201 A

9   COURT SHALL TAKE JUDICIAL NOTICE WHEN REQUESTED BY A PARTY. THE

10  PETITIONER CHARLES E. BECKNER, REQUEST THE COURT TO TAKE JUDICIAL

11  NOTICE OF STATE OS CALIFORNIA PENAL CODE 825 AND THE FOURTEENTH

12  AMENDMENT OF THE UNITED STATES CONSTITUTION.

13

14      THE REMEDY FOR DUE PROCESS AND EQUAL PROTECTION VIOLATION

15  IN FAILING TO HOLD TIMELY HEARING IS TO RELEASE THE DETAINED, TO

16  DETER ANY AND ALL FURTHER VIOLATION OF THE DUE PROCESS AND EQUAL

17  PROTECTION CLAUSE. THE PETITIONER COUNSEL HAD NEVER MET OR

18  COMMUNICATED WITH THE PETITIONER AND THUS WAS UNABLE TO PERFORM

19  FUNCTIONS OF COUNSEL. THE PETITIONER DID NOT RECIEVE NOTICE OF

20  CHARGES AND EVIDENCE AGAINST HIM, ALL OF WHICH DENIED HIM OF HIS

21  EQUAL PROTECTION, SPEEDY TRIAL RIGHTS AND DUE PROCESS RIGHTS OF

22  THE UNITED STATES CONSTITUTION.

23

24      THE RESPONDENTS HAVE FAILED TO ALLEGE FACTS DEMONSRATING

25  THE LAWFULNESS OF THE CHALLENGED DETENTION.(SEE COUNTY OF

26  RIVERSIDE V. MC LAUGHLIN, 500 U.S. 44, 56-57 (1991)

27

28                          PAGE THREE

1    IF A PARTICULAR PROCEDURAL REQUIRMENT OF STATUTE IS

2  DEEMED MANDATORY, THEN GOVERNMENTAL NON-COMPLAIANCE WITH THE

3  PROCEDURAL REQUIRMENT INVALIDATES THE ACTION TAKEN IN VIOLAATION

4  OF THE PROCEDURAL REQUIRMENTS. THE FOURTH AMENDMENT REQUIRES THE

5  STATE TO PROVIDE "A FAIR AND RELIABLE DETERMINATION OF PROBABLE

6  CAUSE AS A CONDITION FOR ANY RESTRAINT OF LIBERTY.(SEE GERSTEIN

7  V. PUGH, 95 S. CT. 854)

8

9

10            **ARGUMENT TWO**

11

12        **CHARELES E. BECKNER WAS COERCED IN VIOLATION**

13        **OF THE DUE PROCESS CLAUSE OF THE STATE AND**

14        **FEDERAL CONSTITUTION.**

15

16

17    THE PETITIONER CHARLES EDWARD BECKNER, IS ILLEGALLY

18  DETAINED AND IS ENTITLED TO HABEAS CORPUS RELIEF BECAUSE HIS

19  PLEA WAS COERCED AND INVOLUNTARY. SPECIFICALLY, HE WAS PROVIDED

20  AN ADVOCATE OF THE PROSECUTION DISQUISED AS A PUBLIC DEFENDER

21  WHO REFUSED TO BE HIS ADVOCATE AND FORCED HIM TO TAKE A PLEA HE

22  DID NOT UNDERSTAND INVOLUNTARY. MOREOVER IT MUST BE NOTED HE ASK

23  MORE THEN ONCE TO DEAF EARS FOR A MARSDEN HEARING.

24    IN THE OPPOSITION, RESPONDENTS STATES THAT THE EXCHANGE

25  INDICATES THAT THE PLEA WAS RELUCTANTLY ENTERED, BUT NOT AGAINST

26  CHARLES E. BECKNER WILL. HOWEVER RESPONDENTS FAILS TO EXPLAIN HOW

27  A PRIMA FACIE CASE IS NOT ESTABLISHED. THE RECORD IN THIS CASE

28                    PAGE FOUR

1  ESTABLISHES THE PETITIONER'S PLEA WAS INVOLUNTARY.

2         A DEFENDANT CANNOT AND SHOULD NOT GO TO TRIAL OR A

3  SENTENCE HEARING, UNLESS HE HAS SUFFICIENT ABILITY TO CONSULT WITH

4  HIS LAWYER, WITH A REASONABLE DEGREE OF RATIONAL UNDERSTANDING.

5  THE PETITIONER SHOULD HAVE HAD A RATIONAL AS WELL AS FACTUAL

6  UNDERSTANDING OF THE PROCEEDING. IN THIS CASE CHARLES E. BECKNER

7  DID NOT HAVE A RATIONAL AS WELL AS FACTUAL UNDERSTANDING DUE TO

8  THE PUSH OF BOTH HIS ATTORNEY AND THE COURT TO CLEAR HIS CASE

9  FROM THEIR DOCKET.(SEE COOPER V. OKLAHOMA(1996)

10        IN ALL CASES, THE COURT MUST MAKE A FINDING THAT THE

11 PLEA WAS VOLUNTARY AND WAS MADE KNOWINGLY AND INTELLIGENTLY.(SEE

12 IN RE JOHNSON (1965) 62 C2D 325)  IN ADDITION, DEFENDANTS MUST

13 BE ADVISED OF THE DIRECT CONSEQUENCES OF THE PLEA.(SEE BUNELL V.

14 SUPERIOR COURT(1975) 13 C3D 592, 602; LOWA V. TOVAR (2004) 541

15 US 77) THE TRIAL COURT MUST SATISFY ITSELF THAT THERE IS A FACTUAL

16 BASIS FOR THE PLEA PURSUANT TO PENAL CODE 1192.5. THE COURT KNEW

17 THE PLEA WAS NOT VOLUNTARY AND KNEW THE PETITIONER, DID NOT MAKE

18 THE PLEA KNOWINGLY AND INTELLIGENTLY IN VIEW OF THE FACT THE PLEA

19 WAS MADE TO THE PETITIONER HORROR.

20        THE ADVICE TO THE PETITIONER WAS NOT PRESENTED IN A

21 BALANCE FASHION BUT WAS ONE-SIDED AND INACCURATE IN THAT MR.

22 BECKNER WAS NOT TOLD THAT THE COURT COULD CONSIDER SETTING ASIDE

23 A STRIKE EVEN IF HE WENT TO TRIAL AND WAS CONVICTED OF THE SAME

24 OFFENSE AND STRIKE FINDINGS. MOREOVER, THERE IS NO BASIS FOR

25 BELIEVING THAT THE PETITIONER WAS GIVEN ENOUGH TIME TO THINK

26 ABOUT THE OFFER AND CONSULT WITH A COMPETENT ATTORNEY. THE

27 RECORD INDICATES NO BREAKS IN THE PROCEEDINGS IN WHICH THE

28                    PAGE FIVE

1  COUNSEL AND THE PETITIONER, WERE GIVEN A CHANCE TO DISCUSS THE

2  MATTER. THUS THERE IS NO BASIS FOR BELIEVING THAT COUNSEL FILLED

3  IN THE CORRECT INFORMATION AND PROPERLY ADVISED THE PETITIONER,

4  CHARLES E. BECKNER.

5                              CONCLUSION

6

7      THE RESPONDENT, HAS NOT STATED THE PETITIONER SPEEDY TRIAL

8  RIGHTS WERE NOT VIOLATED, THUS THE COURT MUST ACCEPT THE PETITIONER

9  STATEMENTS AS TRUE. THE PETITIONER HAS ALSO MADE A PRIMA FACIE

10 SHOWING THAT HIS PLEA IN THIS CASE WAS INVOLUNTARY UNDER THE TOTALITY

11 OF THE CIRCUMSTANCES, AND COERCED UNDER THE TOTALITY OF THE

12 CIRCUMSTANCES.  FURTHER, PETITIONER HAS SHOWN THAT HE HAS NO

13 ADEQUATE REMEDY AT LAW FOR THE CONSTITUTIONAL VIOLATION SHOWN

14 OTHER THEN A WRIT.  ACCORDINGLY, THE WRIT SHOULD BE ISSUED.

15

16

17 DATED: SEPTEMBER 1, 2008

18                              RESPECTFULLY SUBMITTED,

19

20

21

22

23

24      9/2/2008 BY: *Charles E. Beckner*

25                         CHARLES E. BECKNER/PETITIONER

26

27

28

                    PAGE SIX

# EXHIBIT



DESCRIPTION OF EXHIBIT:

Proof of

Late Arraignment

Exhibit : A

# CUSTODY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☐ Central Division  ☐ East County Division  ☐ North County Division  ☐ South County Division  Waivers: ☐ Time

PEOPLE vs. **Bechner, Charles**  BAIL $ **55,000**  ☐ BB  ☐ CB (Y/N)

CASE # **CCO61333**  PROS # **MAD6230**  DOB: **1-13-71**  BKG # **9702015**  CTS **3** days _____ hrs.

DATE **1-11-07**  DEPT. # **2**  INTERPRETER: _____  ☐ Spanish  ☐ Sworn  ☐ Oath on File

JUDGE/COMM/PRO-TEM **LAURA W. HALGREN**  ☐ STIP. FILED  REPORTER – CSR # _____  **L. Boltsch**

CLERK **W. Stang, Deputy Clerk**  TAPE # _____  COUNTER # _____  **CSR #16**

CHARGE(S) **CM PC459 ** CM2 PC470(b) CT3 PC69**

**NIP-1  PCS-2  Strike-1**

FUTURE DATES: _____  ☐ CONFIRMED  ☐ VACATED

| J. Kass | A. Sommers |
|---|---|
| Attorney for the People (☐ DDA / ☐ DCA ) | Attorney for the Defendant (☐ PD / APD / PCC / Retained / ☐ Counseling) |

☑ Defendant present by / ☐ with without counsel  ☐ in pro per  ☑ via ☐ audio/video  ☐ not produced in courtroom  ☐ Defendant failed to appear

☐ 4TH AMENDMENT WAIVER PREVIOUSLY ORDERED  ☐ PROTECTIVE ORDER PURSUANT TO PC 136.2 PREVIOUSLY ISSUED

Case called for ☐ FTA  ☑ Arraignment  ☐ Bail Review  ☐ Readiness/DWT  ☐ Jury Trial  ☐ Preliminary Examination  ☐ Motion

☐ DEJ _____  Protective Order Expires: _____

☐ Warrant Ordered/Issued on _____  ☐ Warrant Cleared  ☐ Warrant Outstanding

CASE TRANSFERRED TO DEPT. _____  TIME ESTIMATE: _____

☐ Complaint amended by interlineation to read: _____
☐ Amended ☐ Amendment to  complaint filed ☐ charging ☐ adding ☐ VC23103 (a) pursuant to VC23103.5 ☐ VC22107, VC21658(a), PC647(f)
  as INFRACTION(S) pursuant to PC17(d)(2) ☐ other: _____
☐ Defendant advised of and waives the right to a separate and conflict-free attorney / Interpreter for this court appearance.
☑ Defendant duly arraigned and advised of the constitutional and statutory rights as indicated on the reverse side of this minute order*.
☑ Defendant waives reading of complaint. ☑ Deft. states true name is _____  ☑ on complaint [_____ line]
☑ DEFENDANT PLEADS NOT GUILTY and denies any priors/allegations/separate convictions alleged ☐ on amended complaint.
☐ Defendant WAIVES:  ☐ time for speedy trial  ☐ 10 day/60 day statutory time for preliminary hearing  ☐ personal presence ☐ per PC977
  ☐ jury trial.  ☐ preliminary hearing

COUNSEL ☐ REQUEST FOR APPOINTED ATTY.  ☑ Granted ☑ Public Defender  ☐ Alternate Public Defender  ☐ Private Conflict Counsel
_____ty:  ☐ Denied  ☐ Referred to Near Indigent Panel  ☐ Deft to retain counsel.
☐ The Court finds the defendant ☐ is ☐ is not  qualified to represent self in PRO PER.  ☐ Lopez Waiver signed and filed.

CONVICTION ☐ Deft. is sworn and examined. ☐ Defendant withdraws any previously entered plea.

DEFENDANT PLEADS: ☐ GUILTY  ☐ NO CONTEST to: _____  ☐ VC23152(a) / (b)
  ☐ Admits _____ separate conviction(s) alleged / _____ allegation(s)
☐ charges contained in amended/amendment to  complaint. ☐ VC23103(a) per 23103.5 ☐ as a lesser included offense _____
☐ On motion of Court/People/Defendant Count(s) _____ remaining is/are DISMISSED ☐ FOJ ☐ VOJ
☐ On motion of Court/People/Defendant Allegation(s)/Prior(s) _____ remaining is/are STRICKEN ☐ FOJ ☐ VOJ
☐ Plea form executed and filed  ☐ Peo vs. West ☐ BAC: _____
ADVISALS: ☐ Theft - PC666
WAIVERS: ☐ Harvey ☐ Arbuckle ☐ Blakely ☐ Non-Biological Evidence Disposal.
☐ Court finds a knowing and intelligent waiver of constitutional rights and factual basis for plea.
☐ PC1210 ☐ accepted ☐ declined.  ☐ Time waived for sentencing, see JUDGMENT.
☐ Stipulated bindover. ☐ Case certified as a general jurisdiction matter. ☐ Complaint deemed the information.
☐ Defendant to provide DNA database samples as directed by Sheriff or Probation Dept. – PC296(a)

MOTIONS ☐ Motion for _____ by People/Defendant with/without objection granted/denied.
PC1000 ☐ Defendant's application for ☐ reinstatement to ☐ Deferred Entry of Judgment granted as to count(s) _____, for _____ mo./ yrs.
☐ New term ☐ Time waived for sentencing  ☐ S.D. Rescue Mission Program  ☐ Enroll by _____  ☐ Term to be determined by Assessor.
$ _____  Admin. fee (PC1001.15) ☐ $ _____  ☐ Restitution fee (PC1001.90) Collected _____
$ _____ credit for time served  TOTAL AMOUNT DUE $ _____  ☐ Forthwith  ☐ By _____  ☐ Waived.
☐ Defendant has satisfactorily COMPLETED the DEJ Program, previously entered plea to count(s) _____ set aside and charges dismissed.
☐ Defendant has FAILED to satisfactorily perform in the DEJ Program, ☐ PC1000 set aside and any unpaid fees pertaining thereto deleted.
☐ Court makes a finding of guilt to the charge(s) pled.  ☐ Time waived for sentencing, see JUDGMENT.

REFERRALS  Report ☐ forthwith ☐ by _____ to ☐ Assessment Unit  ☐ Probation Department
☐ Pre-Sentence ☐ Mini ☐ Supplemental ☐ Psych. ☐ Limited re: Drugs / Alcohol / Domestic Violence / Anger Management / Restitution  Report Ordered.
☐ Court Collections for payment of Attorney fee * $ _____  ☐ Indigent as to Attorney Fees.
The Court finds that the defendant has the ability to repay the County of San Diego for the costs of Court Appointed Attorney fees.

| HEARINGS  ☑ Continued on motion of ☐ People ☐ Defense ☐ Opposed ☐ Unopposed ☐ By Stipulation.  ☐ Statutory time is WAIVED | |
|---|---|
| ☐ Re-Attorney _____ at _____ in Dept. _____ | ☐ Motion/PC1538.5 _____ at _____ in Dept. _____ |
| ☐ Arraignment _____ at _____ in Dept. _____ | ☐ Jury / Court Trial _____ at _____ in Dept. _____ |
| ☐ Bail Review **Waived** at _____ in Dept. _____ | ☐ Sentencing _____ at _____ in Dept. _____ |
| ☑ Readiness/DWT **1-19-07** at **9:00** in Dept. **2** | ☐ Prob. Hrg & Sent _____ at _____ in Dept. _____ |
| ☑ Prelim Exam **1-25-07** at **8:40** in Dept. **11** | ☐ DEJ Hearing _____ at _____ in Dept. _____ |
| Time Estimate: _____ hr/day  Set with case(s): _____ | ☐ to trail for revocation |

OTHER  ☐ Verbal notice of license suspension (DL 310) signed. ☐ Fingerprint form filed.
**The Court requests deft receive medical treatment for his arm and knee.**
**The following case is to be pulled and set with this case: SCD 196623.**

CUSTODY STATUS ☑ Deft. REMANDED to custody of Sheriff, bail $ **55,000**  ☐ WITHOUT BAIL ☐ Per PC1275 ☐ as set
☐ Increased ☐ reduced  ☐ Bail Unit Report Ordered re: SOR
☐ Deft. RELEASED: ☐ on bail previously posted. ☐ after booking ☐ DEJ ☐ OR/SOR ☐ same terms and conditions
☐ to an authorized representative of: _____ on _____ at _____
☐ Release Conditions: ☐ Attend _____ AA/CA/NA/MA Mtgs. per week and submit proof at each court hearing. ☐ Abstain from alcohol.
☐ Not use or possess any controlled substances without a valid prescription. ☐ Not possess narcotic paraphernalia.
☐ Deft. waives 4th amendment rights and agrees to submit person, vehicle, place of residence, property, personal effects to search at any time with or without a warrant, and with or without reasonable cause, when required by a Probation Officer or other law enforcement officer ☐ until revoked. ☐ for the duration of deferred entry of judgment. ☐ Have no contact with / stay away from: _____  ☐ PC136.2 Protective Order issued
☐ Previously ordered: ☐ 4th WAIVER ☐ continues ☐ deleted ☐ PROTECTIVE ORDER ☐ continues ☐ deleted.
WARRANT ☐ Arrest ☐ Bench ☐ _____ Warrant ordered  Bail set $ _____  ☐ No Bail  ☐ ISSUED ON:
☐ Schedule for hearing ☐ Mandatory Appearance ☐ Night Service Auth. ☐ Cash bail may be forfeited. ☐ HOLD issuance to DATE SET ABOVE.
☐ Warrant previously ordered/issued ☐ remains outstanding ☐ rescinded ☐ RECALLED on: _____
☐ Affidavit requested.  Due by: _____

BAIL STATUS  Bail is ☐ exonerated ☐ forfeited ☐ Fine from bail, refund balance. ☐ Decl. of non-collusion/ reassumption of liability filed ☐ _____ ☐ CCM
☐ Bail forfeiture set aside and bond reinstated/exonerated ☐ upon payment of court cost $ _____ within 30 days ☐ cost waived
☐ Bond #: _____  Bond $ _____  Bond Co. _____  JAN 16 2007

Attest a true copy  Dated: _____  _____ , CLERK, by _____ , Deputy Clerk

Distribution by: _____ on _____ to: ☐al) Deft. ☐tty) Pros. ☐Prob. ☐R&R ☐Interpreter ☐Assessment ☐Other: _____

SDSC CRM-150(Rev. 5-06)  **MISDEMEANOR/FELONY – PRE-DISPOSITION MINUTES**

# EXHIBIT

B

DESCRIPTION OF EXHIBIT:

LAWS Regarding

ARRAIGNMENT

Exhibit: B

*CRIMINAL LAW - PRACTICE AND PROCEDURE - '07*

# 6

# ARRAIGNMENT

### ELENA CONDES

§6.1    **I. OVERVIEW**

An arraignment is a court hearing at which an individual accused of a public offense—an infraction, a misdemeanor, or a felony—is informed of the nature of the charge or charges, given a copy of the accusatory pleading, and given an opportunity to enter a plea. Pen C §988; *In re Mitchell* (1961) 56 C2d 667, 16 CR 281. It is the defendant's first court appearance. See Pen C §§740, 806, 1462.2.

In addition to fulfilling these statutory requirements, the judge or magistrate conducting the arraignment is also required to advise each unrepresented defendant of the right to counsel and the right to have appointed counsel if indigent. Cal Const art I, §15; Pen C §§858, 859, 987(a). In counties using mass advisements, the initial advisement of rights includes other trial rights.

If the defendant is charged with a bailable offense, the court must also set bail at the first court appearance, unless bail has already been set. Cal Const art I, §12; Pen C §1271. See *Van Atta v Scott* (1980) 27 C3d 424, 166 CR 149.

When the arraignment takes place depends on several factors, the most important of which is the defendant's custodial status. If the defendant is in custody, arraignment must take place within 48 hours (not including weekends and court holidays) after the arrest. Pen C §825. If the defendant was arrested without a warrant and has not yet been released, the arraignment is usually combined with a probable cause determination. This determination must be made by a magistrate as soon as reasonably feasible but no later than 48 hours after arrest; weekends and holidays may not be excluded from the 48 hours. *County of Riverside v McLaughlin* (1991) 500 US 44, 57, 114 L Ed 2d 49, 63, 111 S Ct 1661. See §6.23.

If the case is not disposed of at the arraignment, the court will also set the date for the next hearing.

§6.2    **II. CHART: DEADLINES**

| Procedure | Deadline | Authority |
|---|---|---|
| In-custody defendant arraigned on complaint (either misdemeanor or felony). | Without undue delay; no more than 2 calendar days after arrest (excluding Sundays and holidays). | Cal Const art I; Pen C §§825, 849; *People v Lee* (1970) 3 CA3d 514, 83 CR 715. |
| Continuance to obtain counsel. | No more than 7 days in misdemeanor cases; no less than 1 day in felony cases. | Pen C §990. |
| Out-of-custody defendant arraigned on citation for | At least 10 calendar days after arrest unless | Pen C §853.6; Veh C §40303. |

(1)

| Procedure | Deadline | Authority |
|---|---|---|
| misdemeanor or infraction. | defendant consents to earlier date. | |
| Out-of-custody defendant arraigned on misdemeanor complaint. | Prosecutor has 25 days after misdemeanor citation to file formal complaint. No statutory deadline for arraignment. | Pen C §853.6(e). Pen C §825 time limits apply only when accused is in custody. |
| Out-of-custody defendant arraigned on felony complaint. | Without unnecessary delay (same as in-custody defendant for all practical purposes). | Cal Const, art I, §14; Pen C §859. |
| Probable cause determination following warrantless arrest. | No later than 48 hours after arrest (including weekends and holidays). | *County of Riverside v McLaughlin* (1991) 500 US 44, 56, 114 L Ed 2d 49, 63, 111 S Ct 1661. |
| Defendant arraigned on information, whether in or out of custody. | When information filed. | Pen C §§859, 1382. |
| Defendant arraigned on indictment. | If arrested on bench warrant, same deadlines as defendants arrested on complaint. | Pen C §§945, 978.5; see Pen C §§825, 849; *People v Redinger* (1880) 55 C 290, 298. |

## IV.   PROCEEDINGS ON ARRAIGNMENT

§6.4            A.  Purpose of Arraignment

An individual accused of a public offense has the right under the United States Constitution to be informed of the "nature and cause of the accusation." US Const amend VI. See also Cal Const art I, §14 (arraignment for felony). Arraignment serves this purpose, and it gives the accused a fair opportunity to plead to the charges. *In re Mitchell* (1961) 56 C2d 667, 16 CR 281. In addition, both federal and state constitutions grant an accused the right to a speedy trial. US Const amend VI; Cal Const art I, §15; Pen C §1382. A prompt arraignment is a component of the right to speedy trial. On the right to speedy trial, see chap 19.

§6.5            B.  Procedures Generally Applicable to Arraignments

When an accusatory pleading is filed, the defendant is arraigned on the pleading in the court in which it is filed unless the case is transferred to another court for trial, *e.g.,* because the defendant was arrested outside the county. Pen C §976. On out-of-county arrests and arraignments, see §6.30.

> ➢ Note: California courts employ four kinds of accusatory pleadings: citation, complaint, information, and indictment. Although the purpose of arraignment is the same no matter what offense is charged and what accusatory pleading is used, certain aspects of the procedure may vary, depending on the kind of accusatory pleading used and the custody status of the defendant. For discussion, see §§6.6-6.10.

(2)

Arraignment occurs when a judge (or the clerk or prosecutor acting at the court's direction) reads the accusatory pleading to the defendant and asks whether the defendant pleads guilty or not guilty. Pen C §988. A defendant accused of a felony is also given a copy of the pleading.

> **Note:** When a complaint charges only misdemeanor violations, the defendant who wants a copy of the pleading must request one. Pen C §988.

A defendant in a felony case is typically required to appear in person at the arraignment and most other proceedings in the case, unless he or she executes a written waiver of appearance in open court. Pen C §977(b)(1). See California Criminal Law Forms Manual §5.4 (Cal CEB 1995).

Most misdemeanor defendants may appear through counsel at all stages of the case, including the arraignment. Pen C §977(a)(1). See also _Simmons v Superior Court_ (1988) 203 CA3d 71, 249 CR 721; _People v American Bankers Ins. Co._ (1987) 191 CA3d 742, 236 CR 501. However, an individual charged with a misdemeanor involving domestic violence (see Fam C §6211) or violation of a protective order (see Pen C §273.6) must be personally present at the arraignment and sentencing. Pen C §977(a)(2). If an out-of-custody defendant fails to appear at the arraignment in person (if required) or through counsel (if permitted), the court may issue a bench warrant. See Pen C §§979-984. On failure to appear, see also §6.33.

## §6.8      2.  Time for Arraignment

The filing of the complaint must be followed by arraignment. See Pen C §976. When the defendant is accused of a felony, the arraignment must take place "without unnecessary delay" (Pen C §860), but when the accused is not in custody, no specific statutory deadline applies. _People v Newell_ (1923) 192 C 659, 221 P 622.

 When, however, an individual is arrested and held in custody, the term "without unnecessary delay" means no more than "48 hours after [the] arrest, excluding Sundays and holidays." Pen C §825; CCP §§134-135; Govt C §§6700, 6706, 71345. _People v Lee_ (1970) 3 CA3d 514, 521, 83 CR 715 (Saturday is a court holiday). See also _People v Pickens_ (1981) 124 CA3d 800, 177 CR 555. The applicability of §825 is not limited to individuals charged with felonies; it applies to everyone arrested and held in custody, no matter what the charge.

If court is not in session when the arrest takes place, the time is extended to the next regular judicial day. Pen C §825. A defendant arrested on Wednesday must be arraigned by the following Friday, no matter what time the arrest occurred, unless the Friday is a court holiday. Pen C §825(a)(2). Code of Civil Procedure §134, authorizing local courts to conduct arraignments on judicial holidays, does not convert them into nonholidays for the purpose of computing time. Forty-eight hours is only an outside limit; a delay of less than 48 hours could be unreasonable. _Dragna v White_ (1955) 45 C2d 469, 289 P2d 428.

If the arrest was made without a warrant, an individual accused of a felony is entitled to a prompt probable cause hearing. _Gerstein v Pugh_ (1975) 420 US 103, 125, 43 L Ed 2d 54, 71, 95 S Ct 854. This hearing is typically combined with the arraignment. An individual taken into custody without a warrant for a misdemeanor is entitled to a probable cause hearing on request. _In re Walters_ (1975) 15 C3d 738, 126 CR 239. For discussion, see §6.23.

An arraignment on a complaint, whether it alleges a felony or a misdemeanor, occurs in the department of the superior court that ordinarily handles infractions and misdemeanors.

## §6.9      3.  Consequences of Delay

 An unreasonable delay between arrest and arraignment converts a lawful arrest into an unlawful detention, and a confession obtained as a result of the unlawful detention may be subject to suppression. See _People v Pettingill_ (1978) 21 C3d 231, 145 CR 861 (when police kept

defendant in custody for 61-hour period without arraignment and continued to interrogate him after he had invoked *Miranda* rights, confession was product of illegalities). But see *In re Walker* (1974) 10 C3d 764, 779, 112 CR 177 (delay is but one factor in determining whether statement is voluntary; confession made during illegal delay is not automatically inadmissible). See also *People v Thompson* (1980) 27 C3d 303, 329, 165 CR 289 (arresting officer's need for sleep did not justify delaying arraignment; however, no showing was made that illegal detention produced defendant's confession); *People v Turner* (1994) 8 C4th 137, 172, 32 CR2d 762 (delay did not make statements involuntary).

An unreasonable delay in bringing the defendant before the magistrate may serve as a ground for a civil suit against the arresting officer (*Dragna v White* (1955) 45 C2d 469, 289 P2d 428), but it is not a ground for dismissing the prosecution unless it causes prejudice. See, *e.g.*, *People v Valenzuela* (1978) 86 CA3d 427, 150 CR 314 (reviewing court reversed dismissal because record did not support defendant's claim that his inability to obtain timely urine test was caused by delay in arraignment).

> Note: <u>Defense counsel may seek a defendant's release from custody when the defendant is held beyond the Pen C §825 limits by filing a petition for writ of habeas corpus.</u> *People v Wilson* (1963) 60 C2d 139, 152, 32 CR 44. For further discussion of these writs, see §§42.22–42.34.

## §6.10    E.  Arraignment on Information or Indictment in Felony Prosecutions

Misdemeanors and infractions are prosecuted either by citation or complaint. There are no other pleadings in these cases. See Pen C §§740, 853.5–853.6. In a felony prosecution, however, a complaint, if one is filed, is only a preliminary pleading. An information or indictment is required to initiate a felony prosecution. See Cal Const art I, §14.

**Information.** In California, the information is used far more often than is the indictment, and almost always when the event triggering the prosecution is the defendant's arrest. Thus, typically, when an accused is arraigned on a felony complaint and pleads not guilty, the magistrate sets the case for a preliminary hearing, which must be held no less than 2 court days and no more than 10 court days after the arraignment, unless there is "good cause" for delay and the defendant waives time. Pen C §859b. On preliminary hearings, see chap 8.

If the defendant is held to answer at the preliminary hearing, Pen C §1382(a)(1) requires dismissal unless the information is filed in the superior court within 15 calendar days after the holding order was issued. Under Pen C §976, the defendant must be arraigned "when" the accusatory pleading is filed. The word "when" has been construed to mean "after." *People v Hale* (1957) 156 CA2d 478, 319 P2d 660. There is no separate statutory or constitutional time limit for arraigning the defendant on the information. See *People v Newell* (1923) 192 C 659, 221 P 622 (no statutorily prescribed time within which arraignment must take place). In practice, however, the arraignment usually takes place promptly after the information is filed.

**Indictment.** Although the prosecutor may seek an indictment from a grand jury after an arrest and a felony complaint, the indictment procedure is used much less frequently than is the preliminary hearing in this situation. As a rule, the prosecution seeks an indictment when the secret nature of grand jury proceedings is an important factor—for example, in investigations involving organized crime and other criminal conspiracies, or confidential or reluctant witnesses. For additional examples, see §9.8. On grand jury proceedings generally, see chap 9.

If the grand jury finds probable cause to believe a named individual has committed a felony, it files an indictment in the superior court. If the defendant is already in custody, the court will order the defendant brought before it for arraignment. Pen C §978. If the defendant is not already



in custody, the court will issue a bench warrant. <u>Pen C §§945</u>, <u>979-984</u>. If the defendant is taken into custody on a bench warrant and held, the arraignment must take place within 48 hours (excluding noncourt days), under <u>Pen C §825</u>. See <u>§§6.8</u>-<u>6.9</u>.

> **Practice tip:** When the subject of a grand jury investigation has retained counsel before the indictment is returned, defense counsel can sometimes negotiate the bail amount or O.R. release before the bench warrant issues or is served.

<u>Arraignment on information or indictment starts statutory speedy trial clock.</u> The date on which the arraignment on an information or indictment occurs is important for speedy trial purposes. Under <u>Pen C §1382</u>(a)(2), the 60-day period for bringing the defendant to trial begins to run when the defendant is arraigned on the indictment or information. Although the date the defendant is asked to plead and the date of the plea are usually the same, this is not always true. In <u>*Chartuck v Municipal Court* (1975) 50 CA3d 931, 123 CR 816</u>, the court, noting that <u>Pen C §988</u> makes no reference to entry of a plea, concluded that for purposes of computing the <u>§1382</u> deadline, the defendant was "arraigned" within the meaning of the statute at her first court appearance when she was given an opportunity to enter a plea, even though she did not enter a plea at that time. But see <u>*Valdes v Municipal Court* (1977) 69 CA3d 434, 438 n3, 138 CR 50</u> (speedy trial period did not begin to run until defendant actually entered plea). On the right to a speedy trial, see <u>chap 19</u>.

# Certificate OF Service

I have served the Traverse on the opposing party.

Billie Sue Matchke

Signature *Billie Sue Matchke*  9/3/08

Date