UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD BECKNER, | Case No. 08-CV-0482-BEN (JMA) |
| Petitioner, | **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| MATTHEW M. MARTEL, Warden, et al. | |
| Respondents. | |

## I. Introduction

Charles Edward Beckner ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus [Doc. No. 1 ("Petition")] pursuant to 28 U.S.C. § 2254 challenging his conviction in San Diego Superior Court case number SCE 267833. On September 10, 2007, Petitioner pled guilty to commercial burglary, check forgery, and resisting arrest and was sentenced to 32 months in state prison. (Lodgment Nos. 1-4.) Petitioner contends that his Sixth Amendment right to a speedy trial, his right to procedural due process, and his rights guaranteed under Article I §§ 7 and 14 of the California Constitution were violated when he was arrested and held from January 8, 2007 to January 11, 2007 (for a total of 65 hours)

without appearing before a magistrate for arraignment. (Petition at 6.) The Court has considered the Petition, Respondent's Answer [Doc. No. 4], Petitioner's Traverse [Doc. No. 10], and all the supporting documents submitted by the parties. Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court recommends that the Petition be **DENIED**.

**II.  Factual Background**

This Court gives deference to state court findings of fact and presumes them to be correct. Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see also Parke v. Raley, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from such facts, are entitled to statutory presumption of correctness). The unique circumstances of this case present the Court with limited state court factual findings.[1] In addition to these state court findings, the Court has reviewed the police report attached to Petitioner's June 11, 2007 petition for writ of habeas corpus filed in San Diego County Superior Court. (Lodgment No. 7 at Exhibit C.) For the purpose of providing a factual background only, the Court will refer to the police report in addition to the state court findings.

The facts as found by the San Diego County Superior Court in denying two of Petitioner's petitions for writs of habeas corpus

---

[1] Petitioner did not appeal his conviction, but filed numerous petitions for writs of habeas corpus in the state courts. All of these state petitions were denied with little or no comment. The orders denying these state petitions contain the only state court factual findings available. (See Lodgment Nos. 5-22.)

are as follows:

> [¶] . . . [O]n January 8, 2007, Petitioner was arrested for attempting to cash a stolen check.  On January 11, 2007, a complaint was filed charging Petitioner with burglary in violation of Penal Code § 459, forgery of checks in violation of Penal Code § 470(d), and resisting an executive officer in violation of Penal Code § 69.  Petitioner was arraigned on the same day. . . .

(Lodgment No. 9 at 2.)[2]

The above-mentioned police report contains the following additional information about Petitioner's arrest:  On January 8, 2007, Petitioner entered a check cashing business and attempted to cash a $925.00 check.  (Lodgment No. 7 at Exhibit C.)[3]  The check had been previously reported stolen to the San Diego Police Department.  Id. at 1.  When police officers arrived to investigate at approximately 6:00 p.m., Petitioner fled on foot.  Id.  Following a brief foot pursuit, Petitioner was arrested after a struggle.  Id.  As a result of the pre-arrest struggle, Petitioner sustained what appeared to the officers to be an injury to his right elbow.  Id. at 2.  A medic arrived at the scene and screened Petitioner.  Id.  He was then taken to the police station for processing, where officers learned that he was

---

[2] At the time of his arrest on the check forging incident, an outstanding warrant for Petitioner's arrest existed arising out of another case in which Petitioner pled guilty to one count of second degree burglary, two counts of forgery, and one count of receiving stolen property.  (See Lodgment No. 22 at 2.)  As a result of that plea, on April 21, 2006, Petitioner was committed to the Department of Corrections for a term of six years and four months, but the execution of sentence was suspended.  (See Lodgment No. 9 at 1.)  The court then granted Petitioner five years formal probation.  Id.  On December 1, 2006, the court summarily revoked probation and ordered a no-bail arrest warrant issued.  Id.

[3] References to "Exhibit C" herein will indicate page numbers 1-4; page number 1 referring to the first page of Exhibit C, and page number 4 referring to the last page of Exhibit C.

wanted on an outstanding felony warrant. Id. Following processing, Petitioner was transported to UCSD Medical Center, where he was treated for a fractured right elbow before being taken to San Diego Central Jail. Id.

### III. Procedural Background

After his arrest on January 8, 2007, but prior to his guilty plea and sentencing, Petitioner filed eight petitions for writs of habeas corpus in California superior, appellate, and supreme courts.[4] These petitions raised numerous claims including: use of unreasonable force, failure to hold a timely probable cause hearing, and denial of the right to co-counsel. (See Lodgment Nos. 5, 7, 10, 12, and 18.) In addition, three petitions addressed the 65-hour detention issue now before this Court. (Lodgment Nos. 8, 14, and 16.)

In denying Petitioner's claim that the 65-hour detention warranted habeas relief, the San Diego Superior Court focused on the fact that, even if Petitioner were properly arraigned within 48 hours as required by California law, he would not have been released from custody because he was subject to the previously issued no-bail arrest warrant. (Lodgment No. 9 at 3.) The superior court concluded that, because Petitioner was at all times in lawful custody, the failure to bring him before a magistrate within the time prescribed by California law was not grounds for reversing the conviction. Id. Upon receiving nearly identical petitions challenging the 65-hour detention, the California Court of Appeal and the California Supreme Court

---

[4] Following sentencing on October 15, 2007, Petitioner filed two additional petitions in state court pertaining to sentencing issues. (Lodgment Nos. 20 and 21.)

denied them without comment. (Lodgment Nos. 15 and 17.)

After the denial of these state court petitions, Petitioner pled guilty to all charges on September 10, 2007. (Lodgment Nos. 1-2.) On October 15, 2007, the trial court sentenced Petitioner to two years, eight months in prison. (Lodgment Nos. 3-4.) Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on March 14, 2008. Respondent filed an Answer on May 13, 2008 and petitioner filed a Traverse (styled as a "Reply") on September 8, 2008. [Doc. No. 10]

**IV. <u>Discussion</u>**

    **A. <u>Standard of review</u>**

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added).

The current Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997). As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was <u>adjudicated on the merits</u> in State court proceedings unless the adjudication of the claim:
>
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>      (2) resulted in a decision that was based on an
>      unreasonable determination of the facts in light
>      of the evidence presented in the State court
>      proceeding.

28 U.S.C. § 2254(d)(1)-(2) (emphasis added).

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). See Williams v. Taylor, 529 U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) & (2) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-413; see also Lockyer v. Andrade, 538 U.S. 63, 73-74 (2003).

Where there is no reasoned decision from the state's highest court, this Court "looks through" to the underlying appellate court decision. Ylst v. Nunnemaker, 501 U.S. 797, 801-806 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by Lockyer v. Andrade, supra, 538 U.S. at 75-76); accord Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving claims

presented on direct or collateral review. Early v. Packer, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" id., the state court decision will not be "contrary to" clearly established federal law. Id.

**B. Petitioner's Guilty Plea Bars His Claim**

Respondent contends that Petitioner's guilty plea bars his pre-trial delay claim. (Answer at 3.) Respondent is correct. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). In Mena v. New York, 423 U.S. 61, 63 (1975), the Supreme Court clarified that the entry of a guilty plea "... simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established."

Petitioner pled guilty to commercial burglary, check forgery, and resisting arrest on September 10, 2007. (Lodgment Nos. 1-2.) When he pled guilty, Petitioner initialed the statement: "I have the right to a **speedy and public trial by jury**. I now give up this right." (Lodgment No. 1 at 1.)(emphasis in original). Petitioner does not allege a connection between the 65-hour delay and the validity of his guilty plea, but instead argues for relief based on the delay alone. (See Petition at 6.) As a result, under Mena and

Tollett, Petitioner's guilt was validly established, and he is not entitled to relief based on allegations of constitutional deprivations arising from the 65-hour delay.  In other words, because Petitioner pled guilty to commission of the crimes charged, he is precluded under U.S. Supreme Court law from prevailing on claims related to alleged procedural errors. Accordingly, the Court concludes that Petitioner's guilty plea precludes federal habeas relief in Petitioner's case and recommends that the Petition be denied on that basis.[5]

    **C.**   **Speedy Trial Clause**

Even if Petitioner's claim were not barred by his guilty plea, he does not state a meritorious claim under the Speedy Trial Clause of the Sixth Amendment.  The Speedy Trial Clause of the Sixth Amendment provides "... in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial... " United States v. Rodriquez-Moreno, 526 U.S. 275, 278 (1999). "This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." United States v. Ewell, 383 U.S. 116, 120 (1966).  Determining whether a Sixth Amendment speedy

---

[5] For the first time, in his Reply/Traverse, Petitioner contends that "his plea was coerced and involuntary. Specifically, he was provided an advocate of the prosecution disguised as a public defender who refused to be his advocate and forced him to take a plea he did not understand ... ."  (Reply/Traverse at 5-7.)  Petitioner is precluded from raising new grounds for relief in his Reply/Traverse that were not asserted in the Petition (see Order Requiring Response to Petition [doc. no. 3] at 2-3), and the Court will therefore not consider Petitioner's contention.  In any event, it appears that any claim that Petitioner's plea was involuntary lacks merit on its face. (See Lodgment No. 1.)

trial violation occurred involves the evaluation of at least four factors, including: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

Petitioner alleges that his Sixth Amendment right to a speedy trial was violated when he was arrested and held from January 8, 2007 to January 11, 2007 (for a total of 65 hours) without appearing before a magistrate for arraignment. (Petition at 6.) In making this contention, Petitioner implies that the Speedy Trial Clause of the Sixth Amendment requires that arraignments be held within a prescribed time period. See id. Petitioner is mistaken.

In a petition for writ of habeas corpus to the California Supreme Court, Petitioner attached a copy of the arraignment procedures mandated under California law. (Lodgment No. 16 at 6-10.) These procedures include California Penal Code § 825 (hereafter "Penal Code § 825"), which requires that arraignments be held within two calendar days after arrest (excluding Sundays and holidays). Id. Petitioner then stated:

> [¶] Petitioner in this case was brought before a magistrate for arraignment a total of 65 hours after his arrest. A direct violation of petitioner[']s 6th Amendment right of the United States constitution[']s right to a speedy trial; and also a direct violation of procedural due process.

(Id. at 4.)

The above statement indicates that Petitioner contends that a violation of Penal Code § 825 necessarily implicates a violation of the Sixth Amendment Speedy Trial Clause. Petitioner is incorrect in this conclusion. The Speedy Trial Clause of the

Sixth Amendment and Penal Code § 825 function entirely independently and separately. Thus, a violation of Penal Code § 825 does not automatically trigger a violation of the Sixth Amendment's right to a speedy trial.

The Sixth Amendment Speedy Trial Clause does not warrant relief in Petitioner's situation. ". . . . [T]he right to speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied. We cannot definitely say how long is too long in a system where justice is supposed to be swift but deliberate." Barker v. Wingo, supra, 407 U.S. at 521. U.S. Supreme Court analyses of the Sixth Amendment Speedy Trial Clause address the delay between the time an individual is arrested, indicted, or otherwise formally accused and the time when he or she is brought to trial. The cases do not address Petitioner's situation: an extremely limited delay occurring between arrest and arraignment. See, e.g., Barker v. Wingo, supra, 407 U.S. at 514. Further, U.S. Supreme Court cases referencing Sixth Amendment speedy trial claims involve substantial delay (i.e., months or years). Id. (five-year delay between arrest and trial did not constitute a violation of the Speedy Trial Clause because petitioner had not been prejudiced by the delay); cf., Doggett v. United States, 505 U.S. 647, 652 (1992)(eight-year delay between indictment and arrest constituted a violation of the Speedy Trial Clause); Moore v. Arizona, 414 U.S. 25 (1973)(three-year delay between charges filed and trial resulted in a remand to the state

court for further factual findings).[6]

The Court is aware of no U.S. Supreme Court precedent suggesting that the Speedy Trial Clause of the Sixth Amendment prohibits a 65-hour delay between arrest and arraignment. In addition, under the Barker analysis, the Court finds that the 65-hour delay was minimal, that Petitioner did not assert his right to be brought to trial (but instead sought dismissal of the charges), and that Petitioner suffered no prejudice as a result of the very short delay. Accordingly, the magistrate judge finds that the California courts' denials of Petitioner's Sixth Amendment claim were not unreasonable or contrary to clearly established federal law as determined by the Supreme Court of the United States and recommends that Petitioner's Sixth Amendment claim be denied.

**D.   Procedural Due Process**

Petitioner also appears to contend that the 65-hour hold violated Penal Code § 825, and that this violation rises to the level of a procedural due process violation. (Petition at 6.) Respondent argues that the California courts reasonably rejected Petitioner's claim because: (1) Penal Code § 825 is inapplicable to a situation in which an arrestee is subject to a no-bail arrest warrant; and (2) in any event, Petitioner cannot show actual prejudice as a result of the delay. (Answer at 7-8.)

---

[6] Respondent contends that Petitioner's right to a speedy trial had not attached at the time of the 65-hour hold because he had not yet been charged with a crime. (Answer at 7.) Because the magistrate judge finds that Petitioner's claim fails outright, it is unnecessary for the Court to reach this issue. However, the Court notes that the U.S. Supreme Court has implied that the Speedy Trial Clause attaches once a defendant is indicted, arrested, or "otherwise officially accused." United States v. MacDonald, 456 U.S. 1, 6 (1982).

On June 13, 2007, Petitioner filed a petition for writ of habeas corpus in San Diego County Superior Court. (Lodgment No. 8.) Petitioner claimed, <u>inter alia</u>, that the 65-hour hold violated his due process rights. <u>Id.</u> at 3. In denying the petition, the superior court stated:

> [¶] With regards to the claim that Petitioner was not arraigned in case number SCE 267833 within the required statutory time period pursuant to Penal Code § 825, Petitioner has not shown grounds for relief. At the time of Petitioner's arrest for the crimes alleged in case number SCE 267833, there was an outstanding warrant for Petitioner's arrest arising out of case number SCD 196623. The arrest warrant was a no bail warrant. Thus, at the time of the arrest for the charges in case number SCE 267833, Petitioner could not have been released from custody, as he was subject to the no bail arrest warrant.
>
> [¶] In the case of *People v. Imbler* (1962) 57 Cal.2d 711, 717, the court stated, "Defendant contends that his conviction must be reversed because he was taken into custody on January 14, 1961, but was not informed of the charges against him until the following February 14. Defendant was legally in custody during this time because he had pleaded guilty to the robbery in Pomona. Although he should have been taken before the magistrate on the murder charge within the time limit prescribed in Penal Code section 825, the failure to do so is not a ground for reversing the conviction. (*Rogers v. Superior Court*, 46 Cal.2d 3, 9-10 [291 P.2d 929].)"
>
> [¶] In *People v. Valenzuela* (1978) 86 Cal.App.3d 427, 431, the court stated, "When prearraignment delay is urged as a ground of reversal after conviction, the applicable rule is that stated in *People v. Combes* (1961) 56 Cal.2d 135, 142 [14 Cal.Rptr. 4, 363 P.2d 4]: 'A violation of a defendant's right to be taken before a magistrate within the time specified by the law does not require a reversal unless he shows that through such wrongful conduct he was deprived of a fair trial or otherwise suffered prejudice as a result thereof.'"
>
> [¶] In the present case, Petitioner has not shown he suffered any prejudice by the delay in arraigning him on the charges in case number SCE 267833. Petitioner was also being held on a no bail warrant arising out of an unrelated incident. Thus, Petitioner would not have been released from custody if he had been arraigned on an earlier date. In addition, Petitioner has not shown that he will be deprived of a fair trial due to the fact his arraignment did not occur until January 11, 2007. . . .

(Lodgment No. 9 at 3-4.)  The California Court of Appeal and California Supreme Court denied the claim without comment. (Lodgment Nos. 15 and 17.)  Accordingly, this Court reviews the decision of the superior court.  <u>Ylst v. Nunnemaker</u>, <u>supra</u>, 501 U.S. at 801-806.

To warrant habeas relief, Petitioner must demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  <u>See</u> 28 U.S.C. § 2254(d)(1).  Thus, to the extent that Petitioner's claims allege violations of Penal Code § 825 independent of federal claims for relief, this court defers to and is bound by a state court's interpretation of its own laws.  <u>Wainwright v. Goode</u>, 464 U.S. 78, 84 (1983).

In any event, California correctly applied its own law with regard to Petitioner and his claims.  The trial court reasonably found that Petitioner had not shown that he was deprived of a fair trial or suffered prejudice as a result of the 65-hour delay.  The delay was brief, Petitioner would not have been released in any event based on the no-bail warrant, and he ultimately pled guilty to the charges.  Petitioner does not allege a connection between the 65-hour hold and the validity of his guilty plea.  (Petition at 6.)  Thus, there are no grounds whatsoever to support a prejudice finding in this case.  Thus, the magistrate judge finds that the superior court properly denied Petitioner's claim and recommends that Petitioner's

procedural due process claim be denied.[7]

## V. Recommendation

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Petitioner has not shown that he is entitled to federal habeas relief under the applicable legal standards. Therefore, the undersigned magistrate judge hereby recommends that the Petition be **DENIED WITH PREJUDICE** and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable Roger T. Benitez, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that not later than **October 15, 2008**, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than **October 29, 2008**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th

//
//
//

---

[7] Likewise, and lastly, Petitioner's claim that the 65-hour hold violated California Constitution Art. I §§ 7 and 14 fails to justify federal court intervention or habeas relief. (See Petition at 6.) As noted previously, this Court defers to and is bound by a state court's interpretation of its own laws, and where, as here, there is no evidence whatsoever that Petitioner was denied a fair hearing on the charges against him, this court will not second-guess state court proceedings. See Wainwright v. Goode, 464 U.S. 78, 84 (1983).

Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: September 11, 2008

                                     Jan M. Adler
                                     U.S. Magistrate Judge